UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARS, INCORPORATED<br>6885 Elm Street<br>McLean, Virginia 22101<br><br>and<br><br>MARS PETCARE US, INC.<br>315 Cool Springs Boulevard<br>Franklin, Tennessee 37057,<br><br>      Plaintiffs,<br><br> v.<br><br>SIMMONS PET FOOD, INC.<br>316 North Hico Street<br>Siloam Springs, Arkansas 72761,<br><br>      Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Mars, Incorporated and Mars Petcare US, Inc. (collectively, "Mars") bring this action against Defendant Simmons Pet Food, Inc. ("Defendant") and allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for direct and contributory trade dress infringement, false designation of origin, unfair competition and related claims under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (as amended) and Virginia law.

2. Mars is a leading manufacturer of pet food in the United States. Mars sells PEDIGREE-branded canned dog food, which features a trade dress that is unique and unusual in the marketplace. Mars has invested many millions of dollars in advertising the trade dress for

PEDIGREE canned dog food and has earned billions of dollars in revenues from the sale of the products featuring its well-known trade dress.

3. Defendant manufactures, distributes and sells a competing canned dog food under the name "Signature." Rather than invest the time, money and resources to create its own distinctive trade dress, Defendant simply helped itself to Mars's famous trade dress.

4. Defendant's manufacturing, distribution and sale of dog food bearing the infringing trade dress is likely to cause consumer confusion and is irreparably harming the goodwill and reputation of Mars and PEDIGREE.

## THE PARTIES

5. Plaintiff Mars, Incorporated, is a Delaware corporation with a principal place of business in McLean, Virginia, and owns the trade dress for PEDIGREE canned dog food.

6. Plaintiff Mars Petcare US, Inc. is a Delaware corporation with a principal place of business in Franklin, Tennessee. Mars Petcare is a wholly owned subsidiary of Mars, Incorporated, and exclusive licensee of the trade dress for PEDIGREE canned dog food.

7. Defendant Simmons Pet Food, Inc. is an Arkansas corporation with a principal place of business in Siloam Springs, Arkansas. Defendant manufactures canned dog food bearing labels that infringe Mars's trade dress for its PEDIGREE canned dog food. Defendant distributes and sells those products nationwide to companies and retailers with actual knowledge that they in turn advertise and sell the products to dog owners at stores throughout the United States, including in Virginia.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. This Court has personal jurisdiction over Defendant because Defendant manufactures canned dog food bearing infringing trade dress, which it distributes and sells to customers that Defendant knows have locations in Virginia and advertise and sell those products to dog owners in Virginia. Defendant's unlawful conduct is causing Mars to suffer irreparable injury in this judicial district.

10. Venue is proper because Defendant is subject to personal jurisdiction in this district. 28 U.S.C. § 1391(b)(1), (c)(2), (d). Venue is also proper because Plaintiff Mars, Incorporated, the owner of the trade dress for PEDIGREE canned dog food, resides in this district and a substantial portion of the events or omissions giving rise to the alleged claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

### I. *Mars and the Famous Trade Dress for Pedigree Canned Dog Food*

11. Mars is a world's leading pet food manufacturer and PEDIGREE is among its most famous brands.

12. As of 2020, PEDIGREE is the best-selling dog food brand in the United States by revenues. Mars sells PEDIGREE canned dog food in various flavors.

13. Decades ago, Mars adopted a trade dress for the PEDIGREE canned dog food that was and continues to be unique and unusual in the field.

14. Samples of Mars's PEDIGREE canned dog food products bearing the distinctive trade dress are shown below:

  

15. Mars's trade dress for its PEDIGREE canned dog food features the following elements:

    a. a predominant yellow background;

    b. a white circular halo in the middle of the label;

    c. the image of a dog's head and neck with its mouth open and tongue sticking out positioned to the right of and adjacent to the circular halo;

    d. the image of a yellow, round bowl containing dog food at the bottom of the label positioned to the left of the dog's head and touching the dog's neck; and

    e. a unique color convention for different flavors of dog food, e.g., orange for Chicken flavor, teal for Chicken & Rice flavor, brown for Beef, Bacon & Cheese flavor.

The overall visual and commercial impression created by the combination of these elements of the trade dress for Mars's PEDIGREE canned dog food is referred to as the "PEDIGREE Trade Dress."

16. Mars's PEDIGREE Trade Dress is inherently distinctive because it has an overall visual impression that is unique and unusual in the field of canned dog food.

17. Mars's PEDIGREE Trade Dress has acquired distinctiveness nationwide through substantially exclusive use in commerce, substantial advertising and promotion featuring the PEDIGREE Trade Dress, and substantial revenues from the sale of canned dog food bearing the PEDIGREE Trade Dress.

18. Mars's canned dog food bearing the PEDIGREE Trade Dress is sold nationwide, including in grocery stores (e.g., Safeway, Kroger), big box stores (e.g., Target, Wal-Mart), pet stores (e.g., Pet Smart) and online (e.g., Amazon, Chewy).

19. Many millions of dog owners throughout the United States have purchased canned dog food bearing the PEDIGREE Trade Dress. Mars's PEDIGREE Trade Dress is widely recognized among consumers and dog owners nationwide as designating the source of dog food and was so before the acts of Defendant giving rise to this action.

20. Mars's PEDIGREE Trade Dress is non-functional. The PEDIGREE Trade Dress is not essential to the use or purpose of canned dog food and does not affect the cost or quality of the product. Affording trade dress protection to the PEDIGREE Trade Dress would not place competitors at a significant non-reputation related disadvantage because, among other things, there are an unlimited number of alternative, non-infringing trade dresses available for canned dog food.

21. Consumers and dog owners nationwide associate the PEDIGREE Trade Dress exclusively with a single source and did so before the unlawful acts of Defendant.

## II.     *Defendant and Its Infringing Trade Dress*

22.     Defendant is manufacturing, distributing and selling canned dog food featuring labels that are highly similar in overall visual and commercial impression to Mars's PEDIGREE Trade Dress. Examples of Defendant's canned dog food featuring those labels are shown below:

  

23.     Defendant's labels appear on at least the following products: (a) Chopped Supper Adult Dog Food Chunky Chicken Dinner, Universal Product Code ("UPC") No. 0 21130 42262 3; (b) Chopped Supper Adult Dog Food with Chopped Beef, UPC No. 0 21130 42024 7; (c) Chopped Supper Adult Dog Food Chopped Combo with Chicken, Beef & Liver, UPC No. 0 21130 42022 3; (d) Hearty Supper Adult Dog Food with Beef, Egg, Bacon & Cheese, UPC No. 0 21130 42028 5; (e) Hearty Supper Turkey, Rice & Vegetable Dinner Adult Dog Food, UPC No. 0 21130 42025 4; (f) Gravy Cuts Adult Dog Food Chop Cuts with Chicken & Rice in Sauce, UPC No. 0 21130 42261 6; and (g) Gravy Cuts Adult Dog Food with Beef Cuts in Gravy, UPC No. 0 21130 42148 0 (collectively, the labels on these products are referred to as "Defendant's Infringing Trade Dress").

24. Defendant's Infringing Trade Dress, like Mars's PEDIGREE Trade Dress, features a predominant yellow background with a white circular halo in the middle of the label. Like Mars's PEDIGREE Trade Dress, Defendant's Infringing Trade Dress also features the image of a dog's head with its mouth open and tongue sticking out adjacent to the right of the circular halo, and the image a round, yellow bowl filled with dog food on the bottom of the label positioned to the left of the dog's head and touching the dog's neck.

25. Defendant's Infringing Trade Dress also copies Mars's color conventions for different flavors:

| Mars's Chopped Ground Dinner with <u>Chicken</u> | Defendant's Chopped Supper Adult Dog Food Chunky <u>Chicken</u> Dinner |
|---|---|
| | |
| Mars's Choice Cuts in Gravy <u>Chicken & Rice</u> Flavor | Defendant's Gravy Cuts Adult Dog Food Chop Cuts with <u>Chicken & Rice</u> in Sauce |
| | |

| Mars's Chopped Ground Dinner with <u>Beef, Bacon & Cheese</u> Flavor | Defendant's Hearty Supper Adult Dog Food with <u>Beef, Egg, Bacon & Cheese</u> |
|---|---|
| | |

26. Defendant's canned dog food bearing the Infringing Trade Dress is sold in some of the same stores as Mars's canned dog food bearing the PEDIGREE Trade Dress.

27. Defendant's canned dog food bearing the Infringing Trade Dress competes with Mars's canned dog food bearing the PEDIGREE Trade Dress and is advertised and offered for sale to the same customers and dog owners.

28. Defendant's Infringing Trade Dress is likely to cause confusion, mistake, and deception that Defendant's canned dog food products are manufactured, approved or licensed by or connected or associated with Mars or PEDIGREE.

29. Prior to commencing use of the Infringing Trade Dress, Defendant manufactured, distributed, and sold canned dog food bearing labels that did not infringe Mars's PEDIGREE Trade Dress. Defendant commenced manufacturing, distributing, and selling canned dog food bearing the Infringing Trade Dress with the intent to trade on the goodwill and reputation of Mars's PEDIGREE Trade Dress.

30. Mars has lost control over the goodwill and reputation associated with its PEDIGREE Trade Dress due to Defendant's manufacturing, distribution and sale of canned dog

food bearing the Infringing Trade Dress and Defendant's customers' advertising and sale of those products directly to dog owners.

31. Defendant's manufacturing, sale and distribution of canned dog food bearing the Infringing Trade Dress and Defendant's customers' advertising and sale of those products directly to dog owners is irreparably harming Mars.

## COUNT 1
### Direct and Contributory Trade Dress Infringement, False Designation of Origin and Unfair Competition Under the Federal Lanham Act (15 U.S.C. § 1125(a))

32. Mars re-alleges Paragraphs 1 through 31, above, as part of this count.

33. Mars owns nationwide common law rights to the PEDIGREE Trade Dress for canned dog food.

34. The PEDIGREE Trade Dress is non-functional.

35. Defendant's use of the Infringing Trade Dress in connection with manufacturing, distribution, and sale of canned dog food is likely to cause consumers, including dog owners, to erroneously believe that Defendant's dog food is manufactured, sponsored, or otherwise licensed or approved by or connected with Mars or PEDIGREE.

36. Defendant sells and distributes canned dog food bearing the Infringing Trade Dress to companies and retailers who Defendant knows in turn advertise those products to dog owners and sell those products in stores directly to dog owners throughout the United States.

37. Defendant's conduct constitutes direct and contributory trade dress infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Unless enjoined, Defendant will continue to engage in this unlawful conduct which causes irreparably injury to Mars.

## COUNT 2
### Direct and Contributory Trade Dress Infringement, False Designation of Origin, Unfair Competition and Palming Off Under Virginia Law

39. Mars re-alleges Paragraphs 1 through 38, above, as part of this count.

40. Mars owns nationwide common law rights to the PEDIGREE Trade Dress for canned dog food.

41. The PEDIGREE trade dress is non-functional.

42. Defendant's manufacturing, distribution and sale of canned dog food bearing the Infringing Trade Dress is likely to cause consumers, including dog owners and others, to erroneously believe that Defendant's products are manufactured, sponsored, or otherwise approved or licensed by or connected with Mars or PEDIGREE.

43. Defendant sells and distributes canned dog food bearing the Infringing Trade Dress to customers who Defendant knows in turn advertise those products to dog owners and sell those products directly to dog owners throughout the United States.

44. Defendant's wrongful conduct constitutes direct and contributory trade dress infringement, false designation of origin, unfair competition and passing off in violation of Virginia law.

45. Unless enjoined, Defendant will continue to engage in this unlawful conduct which causes irreparable injury to Mars.

### PRAYER FOR RELIEF

WHEREFORE, Mars respectfully asks the Court to:

a. Enter judgment for Mars and against Defendant on all claims for relief alleged herein;

b. Enter a permanent injunction enjoining Defendant and its agents, servants,

    employees, attorneys, officers, and all others in privity and acting in concert with it from using or causing others to use the Infringing Trade Dress or a similar trade dress, pursuant to 15 U.S.C. § 1116;

c. Order Defendant to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession depicting the Infringing Trade Dress or a similar trade dress, pursuant to 15 U.S.C. § 1118;

d. Require Defendant to file with the Court and serve on Mars within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail how Defendant has complied with the Court's injunction;

e. Award reasonable attorney's fees and costs to Mars under federal and state law; and

f. Award Mars any other and further relief as the Court may deem just and proper.

## JURY DEMAND

Mars demands a trial by jury in connection with this Complaint against Defendant.

Date: September 1, 2020

MARS, INCORPORATED and MARS PETCARE US, INC.

By: /s/Mary D. Hallerman
Mary D. Hallerman (Va. Bar No. 80430)
John J. Dabney (to apply for *pro hac vice* admission)
SNELL & WILMER L.L.P.
1101 Pennsylvania Avenue, Suite 300
Washington, D.C. 20004
Phone: (202) 908-4261
jdabney@swlaw.com;
mhallerman@swlaw.com